IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ROBERT LEE LEWIS,

    Petitioner,

vs.                                       No. 15-2238-STA-tmp

D.R. STEPHENS,

    Respondent.

---

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

---

On April 10, 2015, Petitioner Robert Lee Lewis, Bureau of Prisons ("BOP") register number 24388-076, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition ("Pet."), ECF No. 1.) On May 1, 2015, Petitioner Lewis paid the filing fee. (ECF No. 7.) The Clerk shall record the respondent as D.R. Stephens.

Petitioner Lewis contends that he is entitled to injunctive relief directing the BOP to transfer him to a low security institution. (Pet., ECF No. 1 at 6.) Lewis alleges that he has exhibited exemplary behavior during his confinement entitling him to confinement at a low security facility. (*Id*. at 3.) Although he admits that he has been confined in an institution within five hundred miles of his home, he alleges that the facility is a "medium-high" security prison and that he qualifies for a low security institution. (*Id.*) Lewis contends that the BOP's action in selecting this facility has deprived him of due process. (Id.) He also contends that the BOP's

action in denying the prison transfer has violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 because there were irregularities during the administrative remedy process depriving him of timely review and constituting an abuse of discretion. (*Id.* at 2-3.)

I. ANALYSIS

    A. Petitioner Raises Claims Not Cognizable is an § 2241 Petition

The Supreme Court has repeatedly explained that, "[c]hallenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). This is why "federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254 [§ 2241 for federal prisoners], and a complaint under the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983." *Muhammad*, 540 U.S. at 750. The Sixth Circuit has followed the Supreme Court's directive that habeas relief is designed to test the fact or duration of confinement. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007).

Here, Petitioner alleges no facts to demonstrate that the prison assignment has affected the fact or duration of his confinement. For instance, he does not allege that his right to earn credits has been affected by his confinement at a medium security institution. Nor does he allege he is being denied the right to participate in any program, the successful completion of which might affect the length of his sentence. Instead, Petitioner's allegations challenge only the place of his confinement—a claim implicating only the conditions of confinement.

Habeas corpus relief is not available to prisoners who are complaining only of the conditions of their confinement or mistreatment during their legal incarceration. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th

Cir. 2004); *Lutz v. Hemingway*, 476 F.Supp.2d 715, 718 (E.D. Mich. 2007). Complaints concerning conditions of confinement "do not relate to the legality of the petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz*, 476 F.Supp.2d at 718 (quoting *Maddux v. Rose*, 483 F. Supp. 661, 672 (E.D. Tenn. 1980)). Thus, Petitioner is not entitled to habeas relief.

    B.    Challenge to Prison Assignment under the APA

The APA allows "any person 'adversely affected or aggrieved' by agency action to obtain judicial review thereof, so long as the decision challenged represents a 'final agency action for which there is no other adequate remedy in a court.'" *Webster v. Doe*, 486 U.S. 592, 599 (1988) (quoting 5 U.S.C. §§ 702, 704). The APA authorizes a reviewing court to:

> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>
> (2) hold unlawful and set aside agency action, findings, and conclusions found to be . . . (A) arbitrary, capricious, an abuse of discretion , or otherwise not in accordance with law; [or] (B) contrary to constitutional right, power, privilege, or immunity. . . .

5 U.S.C. § 706(1)-(2); *see also Darby v. Cisneros*, 509 U.S. 137, 143-47 (1993) (discussing the structure of the judicial-review sections of the APA).

The APA is, by its nature, very broad in scope; absent some statutory or other exception, the APA's "comprehensive provisions" provide the backup or default remedies for all interactions between individuals and all federal agencies. 5 U.S.C. §§ 702, 704; *Webster*, 486 U.S. at 599. Because Lewis chose to file a habeas petition, he does not, however, name any federal agency as a respondent, only Warden D.R. Stephens. (Pet., ECF No. 1 at 1.)

Even construing the petition as naming the BOP as the Respondent, Petitioner's challenge to his prison assignment under the APA lacks merit and would be denied. The BOP is

authorized by statute to designate the facility where a federal prisoner is confined. *See* 18 U.S.C. § 3621(b). The provisions of 5 U.S.C. §§ 701–706 do not apply to any determination, decision or order made under 18 U.S.C. §§ 3621–3626. Petitioner's place of imprisonment, and his transfers to other federal facilities, are governed by 18 U.S.C. § 3621(b), which is specifically exempt from challenge under the APA. *See* 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [which includes 18 U.S.C. §§ 3621–3626."] ).

Lewis would also be unsuccessful if he raised his claim in an action pursuant to *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), the equivalent of an action pursuant to 42 U.S.C. § 1983 for federal inmates. An inmate does not have a protected right to be assigned to a particular prison, security classification, or housing assignment. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Meachum v. Fano*, 427 U.S. 215 (1976); *Montanye v. Haymes*, 427 U.S. 236 (1976). *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995) (confinement in particular part of prison or jail does not implicate due process absent "atypical and significant hardship" "in relation to the ordinary incidents of prison life"). *See also Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"). The allegation that Plaintiff has been denied a prison transfer does not amount to an allegation of "atypical and significant hardship" "in relation to the ordinary incidents of prison life" and thus fails to allege the deprivation of any liberty interest. *See*, *e.g.*, *Mackey v. Dyke*, 111 F. 3d 460, 462-63 (6th Cir. 1997).

Because it appears from the Petition that Petitioner is not entitled to a writ of habeas corpus, the Court need not issue an order for Respondent to show cause why the writ should not be granted. The § 2241 Petition is **DENIED**. Judgment shall be entered for Respondent.

II. APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Durham v. United States Parole Comm'n*, 306 F.3d 225, 229 (6th Cir. 2009); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002) ("a federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition"); *see also Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5).

In this case, because Petitioner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R.

5

App. P. 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is **DENIED**.  If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

Entered this 29th day of March, 2016.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE